Mr. Michael Hamby City Attorney of Greenwood 7 South Main Post Office Box 395 Greenwood, Arkansas 72936
Dear Mr. Hamby:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA), which is codified at A.C.A. § 25-19-101 through-109 (Repl. 2002 and Supp. 2007). You indicated that a request has been made for a former City of Greenwood police officer's personnel records. You reviewed the request, prepared a set of documents you believe responsive, and redacted portions of those records you believe are exempted from disclosure.
The former employee objects to the disclosure of all the redacted information you intend to disclose. Specifically, the former employee claims his "interest in keeping the information private outweighs the public's need to view the information." You complied with the former employee's request to forward the redacted records to me for my opinion regarding whether the FOIA requires their disclosure.
The following types of documents were included in your request:
 • the former employee's resignation letter;
 • several child-support documents from both state agencies and courts;
 • tax forms (such as W-4s and I-9s); *Page 2 
 • photocopies of the former employee's driver's license and social-security card;
 • letters of recognition;
 • information on disciplinary action;
 • various employment-related administrative documents; and
 • a memorandum regarding the former employee's job application
RESPONSE
In my opinion, disclosing most of the records you intend to disclose will violate the FOIA. Some of the records you intend to disclose are "personnel records," but fail the balancing test used to determine whether the documents may be disclosed. While most of your redactions are proper, you have not redacted some necessary information. Further, some items you intend to disclose are properly considered "employee evaluation or job performance records." With the exception of the notification of suspension, the threshold test to disclose these items is not met, in my opinion. The following discussion separately analyzes "personnel records" and "employee evaluation or job performance records."
The FOIA requires certain "public records" be disclosed. "Public records" means:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A). Because the individual at issue is a former city employee, I believe the requested documents are clearly "public records" under the definition set forth above. *Page 3 
However, the FOIA provides for certain exemptions. The FOIA provides two exemptions for items normally found in employees' files.[1] For purposes of the FOIA, items in employees' files can usually be divided into two groups: "personnel records" under § 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under § 25-19-105(c)(1).[3] This classification matters because each category has its own disclosure standard.
Personnel Records
Under the personnel-records exemption, personnel records are exempt from disclosure "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-108(b)(12). While the FOIA does not define "personnel records," this office has consistently opined that the phrase encompasses any record relating to the employee that does not qualify as "employee evaluation or job performance records" under A.C.A. 25-19-105(c)(1). E.g., Ops. Att'y Gen.2006-225; 2005-011. Similarly, while the FOIA does not define "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
To determine whether a disclosure rises to a clearly unwarranted invasion of personal privacy, the Arkansas Supreme Court has established a balancing test. Young, supra. If the public's interest in assessing the records outweighs the *Page 4 
individual's interest in keeping the records private, then releasing the records will not amount to a clearly unwarranted invasion of personal privacy. Id.
The Arkansas Supreme Court has elaborated on the privacy side of the balancing test. The court has held that if the records reveal information that:
 • show intimate details of a person's life;
 • might embarrass the person, disgrace them, or get them fired; or
 • might subject the person to harassment or loss of friends
then a substantial privacy-interest exists in the records.Stilley, supra at 311. Further, determining whether a viable privacy-interest exists is an objective analysis. Thus, the fact that the person whose records are being requested believes the request is an unwarranted invasion is irrelevant. Ops. Att'y Gen. 2006-225; 2005-202; 2001-112; and 2001-022.
The Arkansas Supreme Court has also elaborated on the public-interest side of the balancing test. The Stilley court adopted portions of a U.S. Supreme Court decision on a comparable provision in the federal FOIA. According to Stilley, the only relevant public-interest factor in the balancing test is the extent to which disclosing the requested information "shed[s] light on an agency's performance of its statutory duties" or informs citizens about "what their government is up to."Stilley, supra at 312 (quoting Department of Defense v. FLRA,510 U.S. 487 (1994)).
Records That Should Be Withheld
With these principles in mind, we can address the personnel records you intend to disclose that, in my opinion, should not be disclosed under the FOIA. First, you intend to disclose a document that reveals some information about the former employee's health insurance. As this office has previously opined, records reflecting an individual's insurance coverage should not be released, because they divulge intimate financial information about the individual. E.g., Op. Att'y Gen. 99-016.
Second, you intend to disclose the former employee's tax information. All state income tax records are exempt from disclosure under A.C.A. § 25-19-105(b)(1). *Page 5 
This office has also taken the position that records reflecting federal-tax withholding should also be withheld from disclosure.E.g. Ops. Att'y Gen. 99-016; 95-110; 91-093. Therefore, any federal and state tax records in the file should not be released
Finally, you have included numerous records relating to child support, including an Oklahoma court order. These documents regarding the former employee's family financial-arrangements fail the personnel records balancing test. E.g. Op. Att'y Gen. 2001-080. Thus, all documents and information concerning the former employee's finances in this regard should be withheld.
Similarly, in my opinion, none of the information contained in the Oklahoma court order is subject to disclosure under the FOIA. This conclusion is the natural result of this office's decisions regarding marital status and information about employees' families. Employees have a substantial privacy interest in details surrounding their marital status and family arrangements because they reveal intimate details of employees' lives. Thus, the personal-privacy side of the scale weighs heavily. But the public's interest in disclosure is minimal because the public will learn little about "what its government is up to" by delving into individual employees' sensitive family issues. Therefore privacy concerns outweigh the public's interest in disclosure. Accordingly, all documents and information pertaining to this former employee's child support, divorce, and custody arrangements should be withheld. This includes all the records from Oklahoma courts or agencies.
Additional Information That Should Be Redacted
You have properly redacted the former employee's social-security number (e.g., Op. Att'y Gen. 2005-004), birthday (e.g., Op. Att'y Gen.2005-160), home address (A.C.A. § 25-19-105(b)(13)), telephone number (e.g., Op. Att'y Gen. 2005-114)[4] and driver's license number (e.g., Op. Att'y Gen. 2001-080) throughout. But some additional information you intend to release must be redacted, in my opinion. *Page 6 
First, several documents refer to the former employee's martial status. This office has consistently opined that information concerning marital status is not disclosable. E.g., Ops. Att'y Gen. 2006-225; 2001-080. Accordingly, such information should be redacted from any records that are released.
Second, several records contain the name of the former employee's child. Disclosing information about family life, including names of family members, is contrary to the FOIA, in my opinion. E.g., Op. Att'y Gen.2001-080. Therefore, these items must be redacted. This conclusion extends to the former employee's designation of beneficiaries on the form entitled "Arkansas Local Police and Fire Retirement System." The sections labeled "Full Name of Beneficiary" and "Relationship to Applicant" and the amount each beneficiary is designated to receive must be redacted.
Employee Evaluation or Job Performance Records
Two categories of documents you intend to release are subject to § 25-19-105(c)(1), which provides that "employee evaluation or job performance records" cannot be released unless the following three elements are met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
The FOIA does not define "employee evaluation or job performance records." But this office has defined them as any record that "details the performance or lack of performance" of employees, within the scope of their employment, regarding "a specific incident or incidents."E.g., Op. Att'y Gen. 2001-147. This definition encompasses — among other things — written reprimands (e.g., Op. Att'y Gen. 2002-186), documents recommending suspension (e.g., Op. Att'y Gen. 99-289), records of disciplinary action (e.g. Op. Att'y Gen. 2002-186), and letters or commendation (e.g., Op. Att'y Gen. 89-368). *Page 7 
Only one of the five employee evaluation or job performance records you intend to release is subject to the FOIA, in my opinion. Because the former employee resigned, the first two elements are not met with respect to four of the five documents.[5] In my opinion, however, you have correctly decided to release the suspension notification dated 8/14/07. See, e.g., Ops. Att'y Gen. 2006-038; 2008-030; 2002-158. Because this document qualifies as an employee evaluation or job performance record, it may only be disclosed if the above three elements are met. The first and second elements are met: this document is the final administrative resolution of a suspension decision and the facts contained in the document formed the basis for the suspension.
Element three is also met. While the mere fact that the former employee was suspended does not — by itself — meet the "compelling public interest" standard, the reasons this former employee was suspended do meet the test. See John J. Watkins Richard J. Peltz, The ArkansasFreedom of Information Act 205 (4th ed., mm Press 2004). Here, the former employee, a police officer, was suspended for failing to appear in court and prepare timely reports. Because these two functions bear so heavily on police officers' duties, the public has a compelling interest in knowing how officers are executing those duties. Therefore, the 8/14/07 disciplinary record must be disclosed.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; complaint letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g. Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, The Arkansas Freedom of Information Act 181 — 82 (4th ed., mm Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . (12) [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] Normally, only unlisted telephone numbers may be redacted.E.g., Op. Att'y Gen. Op. 2005-004. But when the redacted number is a police officer's listed number, the Attorney General will defer to the custodian's fact-based decision about the privacy interest at issue.E.g., Op. Att'y Gen. 2001-080 (opining that the Attorney General will not question a custodian's decision to redact a listed phone number for a policy officer in the "spirit" of Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998)).
[5] The four documents that cannot be disclosed are the following: (1) the 11/15/07 letter; (2) the 6/6/07 letter; (3) the 9/11/06 letter; and (4) the 5/25/07 notification. *Page 1